# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**JOSHUA JAMES BROWN,**

    **Petitioner,**

  v.

**UNITED STATES OF AMERICA,**

    **Respondent.**

**CASE NO. 2:07-cv-994**
**CRIM. NO. 2:05-cr-213**
**JUDGE SARGUS**
**MAGISTRATE JUDGE KING**

## ORDER and
## REPORT AND RECOMMENDATION

Petitioner, a federal prisoner, brings the instant motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. §2255. This matter is before the Court on the instant motion, respondent's answer, petitioner's reply, and the exhibits of the parties, as well as on petitioner's motion to dismiss the indictment, Doc. No. 86. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.** Petitioner's request for an evidentiary hearing, made in his motion to dismiss the criminal case, Doc. No. 86, is **DENIED**.

## PROCEDURAL HISTORY

On April 19, 2006, pursuant to the terms of his negotiated plea agreement, petitioner pled guilty to possession with intent to distribute crack cocaine and possession of a firearm in furtherance of a drug trafficking crime, in violation of 21 U.S.C.§§ 841(a)(1), (b)(1)(C), and 18 U.S.C. §924(c). Doc. Nos. 52, 56, 57. On September 28, 2006, the Court sentenced petitioner to an aggregate term of 103 months imprisonment. Doc. Nos. 73, 75. Petitioner

did not appeal.

On September 28, 2007, petitioner filed the instant *pro se* motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. §2255. He asserts the following claim:

> Ineffective assistance of counsel.
>
> Defense counsel's deficient performance rendered the trial proceedings constitutionally inadequate, in violation of defendant's Sixth Amendment right to effective assistance of counsel and his fifth Amendment right to due process of law, the right to appeal.

It is the position of the respondent that this claim is without merit.

## INEFFECTIVE ASSISTANCE OF COUNSEL

Petitioner asserts that he was denied the effective assistance of counsel because his attorney coerced him into waiving his right to appeal. Petitioner alleges that he wanted to file an appeal, but that his attorney told him that if he did he "could get more time." *Petition*, at 7. According to petitioner, he therefore indicated at sentencing that he did not want to appeal; however, he learned at prison that his attorney had lied to him. *Id*.

In response to petitioner's allegation, respondent has provided the affidavit of Keith A. Yeazel, petitioner's defense counsel, which states in relevant part as follows:

> I was appointed as substitute counsel after Mr. Brown filed a motion to withdraw his guilty pleas to Counts 4 and 5 of the indictment.
>
> Mr. Brown had previously pleaded guilty pursuant to a plea agreement.... negotiated by prior counsel [that] provided that Mr. Brown would serve a term of 42 months on Count 4, involving possession with the intent to distribute cocaine base consecutive to a term of 60 months on Count 5 involving the

possession of a firearm during and in relation to a drug trafficking offense. According [to] the Final Presentence Investigation Report, absent a Rule 11(c)(1)(C) agreement, Mr. Brown was subject to an advisory Guideline sentence of 121 to 151 months on Count 4 consecutive to a 60 month sentence on Count 5. In my opinion, this plea agreement saved Mr. Brown from serving an additional 5 years in prison.

After reviewing the entire file maintained by prior counsel and speaking with AUSA Affeldt concerning the government's position regarding the continuing viability of the plea agreement, I met with Mr. Brown on September 15, 2006 and discussed his options. I explained to Mr. Brown that my discussions with AUSA Affeldt indicated the previously negotiated plea agreement was still operational if he dropped his request to withdraw his plea agreement with the additional provision that the agreed sentence be extended by 1 month. Mr. Brown also discussed the possibility of appealing the denial of his motion to suppress. I told Mr. Brown that I would discuss his options with AUSA Affeldt.

Thereafter, I talked with AUSA Affeldt about the possibility of the government permitting Mr. Brown to enter a conditional plea so he could appeal the suppression issues and also have an agreement to a specific sentence below the advisory guideline range. AUSA Affeldt would not agree to a conditional plea with a specific sentence.

At our second meeting, I explained to Mr. Brown that the government would not agree to permit him to enter a conditional plea so that he could appeal the denial of his motion [to] suppress while, at the same time, agreeing to a specific sentence under Rule 11(c)(1)(C). I also discussed with Mr. Brown the evidence the government would use at trial to establish that he was guilty as an aider and abetter with Demawn Henry. That specific evidence included (a) statements Mr. Brown made to Officer Orrick and witnessed by Officer Micelli; (b) tape recorded telephone calls made by Mr. Brown while he was in jail to his mother and girlfriend; and (c) my understanding that Demawn Henry was ready, willing and able to testify against him at trial. After our

> meeting on September 26, 2006, Mr. Brown informed me that he did not want to withdraw his pleas and agreed to proceed with sentencing on September 28, 2006.
>
> ***
>
> Mr. Brown asserts I told him not [to] appeal "because if you do appeal your case the judge will give you more time." As it relates to advising Mr. Brown about his appeal rights, I recall explaining to him, prior to sentencing, that he had entered into a Rule 11(c)(1)(C) plea agreement and as a consequence he could only appeal if his sentence was imposed in violation [of] law or was imposed as a result of an incorrect application of the sentencing guidelines. I told him that it was my opinion that his sentence was lawfully imposed, that he saved himself from having to serve an additional 5 years by entering into the agreement, that the agreed sentence was much less tha[n] the advisory guideline sentence outlined in the presentence investigation report, and that there were no grounds for appeal. I further advised Mr. Brown that if he decided to appeal that the court of appeals could possibly consider that the agreed sentence under Rule 11(c)(1)(C) was unreasonable under *United States v. Booker* and thereby place him in a position where the district court might have to sentence him to more time following any remand.
>
> At no time after sentencing did Mr. Brown contact me to file any notice of appeal on his behalf. Had Mr. Brown contacted me I would have filed the necessary papers to perfect his right to appeal.

*Declaration of Keith A. Yeazel, Esq.,* attached to *Respondent's Answer,* Doc. No. 92.

> To seek relief under § 2255, a prisoner "must allege as a basis for relief: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact of law that was so fundamental as to render the entire proceeding invalid." *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003) (citation omitted).

*Turns v. United States*, 248 Fed.Appx. 708, unreported, 2007 WL 2781168 (6th Cir. September

25, 2007).

The right to counsel guaranteed by the Sixth Amendment is the right to effective assistance of counsel. *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970). The standard for reviewing a claim of ineffective assistance of counsel is twofold:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Blackburn v. Foltz*, 828 F.2d 1177 (6th Cir. 1987). "Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Strickland*, 466 U.S. at 689.

To establish prejudice, it must be shown that there is a reasonable probability that, but for counsel's errors, the result of the proceedings would have been different. *Id.*, at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.*, at 697. Because petitioner must satisfy both prongs of the *Strickland* test to demonstrate ineffective assistance of counsel, if the Court determines that petitioner has failed to satisfy one prong, it need not consider the other. *Strickland*, 466 U.S. at 697.

5

Petitioner has failed to meet this standard.

The Court advised petitioner at sentencing of his right to appeal:

> Mr. Brown, it is also my obligation to advise you of your right to appeal the sentence that I have just imposed. If you wish to appeal, you must do so within ten days from today's date. If you are unable to afford the filing fee or a lawyer to represent you, you may also apply to the Court, and the filing fee may be waived and a lawyer appointed to represent you.
>
> Do you understand your right to appeal?
>
> DEFENDANT: Yes, sir.

*Sentencing Transcript,* at 7. Immediately thereafter, the Court asked petitioner if he had anything to say. Petitioner stated:

> The 103 months, well, do I feel I should get that? No, I don't. But I have got to take responsibility for what I did. And I feel like you are kind of blessing me to get my life together.... I feel that the other U.S. Attorney gave me a good deal at 103 months, and I didn't have to say nothing to him. I didn't have to go to trial. I feel like I am kind of blessed, but at the same time I just feel like I don't deserve it because I am a good kid.
> ...
>
> But like I said, sometimes we do things we got to take the consequences. And I will be home when I am 26, and that's when I can start my life again on a better track, on a positive track, get myself together and get my family together and live a nice life.
>
> ... And I want to thank you for staying patient with me and still accepting this plea agreement....

*Id.*, at 8. Petitioner did not indicate that he wanted to file an appeal nor did he ask any questions about his appellate rights. Petitioner does not allege that he requested counsel

to file the appeal but that his attorney failed to do so. *See Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir. 1998)("the Constitution is only implicated when a defendant actually requests an appeal, and his counsel disregards the request").

Instead, petitioner complains that his attorney advised him against filing an appeal. However, the record fails to demonstrate that such advice was constitutionally unreasonable under *Strickland*. After *United States v. Booker*, 543 U.S. 220 (2005), a Court of Appeals will overturn a sentence on appeal only if that sentence is unreasonable. *United States v. Magouirk*, 468 F.3d 943, 947 (6th Cir. 2006).

> A sentence will be deemed procedurally unreasonable if "the district judge fails to 'consider' the applicable Guidelines range or neglects to 'consider' the other factors listed in 18 U.S.C. § 3553(a), and instead simply selects what the judge deems an appropriate sentence without such required consideration." *United States v. Webb*, 403 F.3d 373, 383 (6th Cir.2005) (footnote omitted); *see also United States v. McBride*, 434 F.3d 470, 476 n. 3 (6th Cir.2006) (noting that "[a] district court's failure to explicitly consider the section 3553(a) factors without other evidence in the record demonstrating that they were thoroughly considered ... would result in a procedurally unreasonable" sentence).

*Id*.

Here, petitioner's recommended sentence under the United States Sentencing Guidelines on Count 4 was 121 to 151 months incarceration, and a mandatory consecutive term of 60 months on Count 5, for an aggregate term of 211 months. *PreSentence Investigation Report*, at ¶60. The sentence actually imposed on petitioner pursuant to the terms of petitioner's negotiated plea -- *i.e.,* an aggregate of 102 months incarceration -- fell

7

well below that recommended sentence. Doc. Nos. 56, 75. Therefore, the record does not reflect that petitioner had anything to gain in challenging his sentence on appeal, and counsel's advice regarding the filing of an appeal was not unreasonable. Further, petitioner does not indicate, and this Court is unable to discern from the record, any other arguably meritorious ground for an appeal that would have rendered counsel's advice against filing an appeal unreasonable under *Strickland.*

Petitioner also asserts that the Court lacked jurisdiction in the criminal case because the indictment failed to allege a connection to interstate commerce. *See Motion to Dismiss and Evidentiary Hearing Demand*, Doc. No. 86. Such claim plainly lacks merit.

> [I]nterstate commerce is not an element of carrying a firearm during a drug trafficking offense. *United States v. Smith*, 320 F.3d 647, 655 (6th Cir.2003) ("Unlike Section 922(g)(1), however, a conviction under 18 U.S.C. § 924(c)(1) does not require proof of an interstate nexus element."), *cert. denied,* 538 U.S. 1023; *Warwick v. United States*, 2005 WL 2740869 (E.D.Tenn. Oct. 24, 2005) ("Interstate commerce is not an element of carrying a firearm during a drug trafficking offense ...").

*Murray v. United States*, 2007 WL 1695377 (E.D. Tenn. June 7, 2007).

> To establish the elements of possession with intent to distribute illegal drugs under 21 U.S.C. § 841 (a)(1) the government must prove: "(1) the defendant knowingly: (2) possessed a controlled substance; (3) with intent to distribute." *United States v. Salgado*, 250 F.3d 438, 447 (6th Cir.), *cert denied*, 534 U.S. 916 and 534 U.S. 936 (2001).
>
> [The] assertion that an effect on interstate commerce is an essential element under 21 U.S.C. § 841(a)(1) has been soundly rejected by the federal courts.

*Smith v. United States*, 2007 WL 160996 (E.D. Tenn. January 16, 2007).

For all the foregoing reasons, the Magistrate Judge **RECOMMENDS** that petitioner's motion to dismiss the indictment, Doc. No. 86, be **DENIED** and that the instant motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. §2255 be **DISMISSED.** Petitioner's request for an evidentiary hearing, contained in Doc. No. 86, is **DENIED**.

If any party objects to this *Report and Recommendation,* that party may, within ten (10) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir.1981).

December 4, 2008                                                                              s/Norah McCann King

Norah McCann King
United States Magistrate Judge